James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. 2:16-CV-2966 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| SHANE K. SCOTT, A PROFESSIONAL CORPORATION PENSION PLAN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff/counterdefendant SFR Investments Pool 1, LLC's ("SFR") motion to remand to state court. (ECF No. 13). Intervenor defendant Federal National Mortgage Association ("Fannie Mae") and defendant/counterclaimant/crossclaimant Residential Credit Solutions, Inc. ("RCS" and collectively, with Fannie May, as "defendants") filed a response (ECF No. 17), to which SFR replied (ECF No. 19).

**I.  Facts**

SFR filed its original complaint in state court on November 27, 2013. (ECF No. 1-2). The complaint alleges two claims for relief against defendants Shane K. Scott, a professional corporation pension plan ("SKS"), RCS, and James Harding ("Harding"): (1) declaratory relief/quiet title; and (2) preliminary and permanent injunction. (ECF No. 1-2).

On July 21, 2016, RCS filed, in state court, an answer, counterclaim, and crossclaim against SFR and SKS, alleging four claims for relief: (1) quiet title/declaratory relief; (2) preliminary and permanent injunction; (3) unjust enrichment; and (4) declaratory relief. (ECF No. 1-2 at 35–61).

On November 23, 2016, the state court granted Fannie Mae's motion to intervene. (ECF No. 1-2 at 139–41). On December 15, 2016, Fannie Mae filed, in state court, an answer,

counterclaim, and crossclaim against SFR and SKS alleging four claims for relief: (1) quiet title/declaratory relief; (2) preliminary and permanent injunction; (3) unjust enrichment; and (4) declaratory relief. (ECF No. 1-2 at 142–68).

Thereafter, on December 22, 2016, Fannie Mae removed the state action to federal court based on federal question jurisdiction. (ECF No. 1).

In the instant motion, SFR moves to remand the action to state court. (ECF No. 13).

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is

commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988)).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III. Discussion

In the instant motion, SFR argues that remand is proper based on Fannie Mae's untimely intervention and because Fannie Mae has failed to assert an independent basis for subject matter jurisdiction. (ECF No. 13).

Defendants' statement of removal provides that removal is based on federal question jurisdiction and Fannie Mae's corporate charter. (ECF No. 10). Defendants assert that Fannie Mae's corporate charter confers federal question jurisdiction over claims by or against Fannie Mae. (ECF No. 10 at 2–3). In support, defendants cite to the Ninth Circuit's decision in *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681 (9th Cir. 2014)—a case that has since been reversed by the United States Supreme Court in *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017) ("*Lightfoot*"). (ECF No. 10).

In *Lightfoot*, the Supreme Court examined Fannie Mae's sue-and-be-sued clause as set forth in 12 U.S.C. § 1723a(a) and held, in relevant part, as follows:

> Fannie Mae's sue-and-be-sued clause is most naturally read not to grant federal courts subject-matter jurisdiction over all cases involving Fannie Mae. In authorizing Fannie Mae to sue and be sued "in any court of competent jurisdiction, State or Federal," it permits suit in any state or federal court already endowed with subject-matter jurisdiction over the suit.

137 S. Ct. at 561.

In their response, defendants argue that an independent basis for federal question jurisdiction remains because had defendants brought their own action to enforce Fannie Mae's rights in the property, federal question jurisdiction would have been properly grounded in 12 U.S.C. § 4617(j)(3). (ECF No. 17 at 4). This argument fails as it is premised on circumstances

not present in the instant case—specifically, here, defendants did not bring their own action. Rather, Fannie Mae chose to intervene in the already existing state court action and to raise § 4617(j)(3) as an affirmative defense (*see* ECF No. 1-2 at 152).

In their statement of removal, defendants assert that federal question jurisdiction exists because Fannie Mae and RCS have alleged deprivations of due process in violation of the Fifth and Fourteenth Amendments. (ECF No. 10 at 2-3). For removal to be proper, however, federal subject matter jurisdiction must have existed at the time the state court action was commenced. *See Mallard Auto. Grp., Ltd.*, 343 F. Supp. 2d at 952. Thus, defendants' assertions of federal question jurisdiction after the action was commenced do not establish that removal is proper based on federal question jurisdiction. *See, e.g.*, *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

In light of the foregoing, defendants have failed to meet their burden of establishing that removal is proper so as to withstand SFR's motion to remand to state court. At the time the state action was commenced, no federal subject matter jurisdiction existed because SFR's claims did not arise under the Constitution or federal law. Further, the sue-and-be-sued clause does not grant federal courts subject matter jurisdiction over all cases involving Fannie Mae. Thus, Fannie Mae's intervention does not render removal proper.

Accordingly, the court will grant SFR's motion to remand to state court.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to remand to state court (ECF No. 13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the instant matter of *SFR Investments Pool 1, LLC et al v. Shane K. Scott, a Professional*, case number 2:16-cv-02966-JCM-PAL, be, and the same hereby is, REMANDED TO STATE COURT.

**James C. Mahan
U.S. District Judge**

- 4 -

1     IT IS FURTHER ORDERED that SFR's motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

    IT IS FURTHER ORDERED that Fannie Mae's and RCS's motion to amend (ECF No. 24) be, and the same hereby is, DENIED as moot.

    DATED April 21, 2017.

_____
UNITED STATES DISTRICT JUDGE